|  |  |
|---|---|
| 195 | 411 |
| 206 | 240 |

# Yocum *v.* Commercial National Bank of Pennsylvania.

*Decedents' estates—Exclusive jurisdiction of orphans' court—Creditors.*

The orphans' court has exclusive jurisdiction to ascertain the amount of the testator's estate as well as to make a distribution of it.   A creditor, therefore, is required to enforce his rights to any money or property of the decedent's estate in this tribunal, and is precluded from seeking them elsewhere.

Where an executor who was also a legatee has voluntarily paid out moneys of the estate to a bank to which, it is alleged, the estate was not indebted by reason of the failure of the bank to protest certain notes upon which the testator was indorser, but to which the executor was personally

indebted, and the executor has subsequently filed an account showing such payments, which account was duly advertised, and adjudicated and confirmed without objection, an administrator d. b. n c. t. a. appointed after discharge of the executor, cannot by a bill in equity in the common pleas compel the bank to pay over to him the moneys alleged to have been wrongfully received by it.

*Equity—Bill—Amendments—Appeals.*

The Supreme Court will not reverse a decree dismissing a bill in equity because the plaintiff was refused permission to amend his bill, where it appears that the amendments proposed would not have availed him.

Argued Jan. 25, 1900. Appeal, No. 388, Jan. T., 1899, by plaintiff, from decree of C. P. No. 4, Phila. Co., March T., 1899, No. 1101, dismissing bill in equity, in case of Isaac D. Yocum, Administrator d. b. n. c. t. a. of the estate of James L. Claghorn, deceased, v. Commercial National Bank of Pennsylvania. Before McCollum, Mitchell, Fell, Brown and Mestrezat, JJ. Affirmed.

Bill in equity for an account. Before Arnold, P. J.

The material averments of the bill and the grounds of demurrer are fully stated in the opinion of the Supreme Court.

*Error assigned* was the decree dismissing the bill.

*Thomas H. Talbot*, with him *Isaac D. Yocum*, for appellant.— The adjudication is of no force except as between the parties thereto. It cannot bind third parties or strangers. Clearly the bank was no party to any such adjudication. If the orphans' court had disallowed these payments, that disallowance could not have prejudiced or affected the right of the bank. That adjudication could not be put in as a piece of evidence in this present case as conclusive or even weighing against the rightfulness of these payments. And the present defendant is entitled to hold this money as rightfully received until it has been adjudged otherwise in the regular proceeding in which the defendant is impleaded as a party defendant, and has its full day in court. The proceeding in the orphans' court was not of that nature and could not affect the rights of the bank, either unfavorably or favorably. The bank, the present defendant, was no party to that proceeding. Neither was the administrator d. b. n., the present plaintiff, a party to that proceeding. He

is not the plaintiff as a private person. He sues in an official capacity, and the relations of that official capacity as party or privy are fixed by law, and " by the common law, there is no privity between an administrator d. b. n. and a preceding executor or administrator," says the court in Connecticut: Alsop v. Mather, 8 Conn. 584; Grout v. Chamberlin, 4 Mass. 611; Allen v. Irwin, 1 S. & R. 548.

*John G. Johnson*, with him *John Sparhawk, Jr.*, for appellee.

OPINION BY MR. JUSTICE MESTREZAT, April 23, 1900:

This is a bill in equity filed by Isaac D. Yocum, administrator d. b. n. c. t. a. of James L. Claghorn, deceased, against the Commercial National Bank of Pennsylvania. The material averments of the bill may be summarized as follows: That James L. Claghorn died August 25, 1884, leaving a will, in which he appointed his widow, Julia S. Claghorn and his only child, J. Raymond Claghorn, as executors; that less than three months prior to the death of the testator, his son drew three promissory notes to his own order for an amount aggregating $19,500 on which the decedent became indorser and which were discounted by the defendant bank; that the notes were not paid at maturity and, not being protested, the indorser was discharged from liability thereon; that the executors filed their account on May 27, 1895, and the same was adjudicated and a balance of $21,962.58 was shown to be due the estate for distribution; that an examination of the account showed payments of large sums of money to the bank between October 31, 1884, and March 16, 1891; that these payments were made by J. Raymond Claghorn, acting executor, and " purporting to be made by him chiefly on account of indorsement, evidently referring to the indorsement of the decedent, whose liability as such indorser in no wise appears; said account does not show that any of said payments were made on any of the three original notes indorsed by said testator, but all may have been made upon notes of said J. Raymond Claghorn, given after the decease of the said testator in renewal or alleged renewal of said original notes;" that after filing the account, the executors were discharged, an administrator was appointed who was discharged and letters of administration were granted to plaintiff;

that payments of the private debts of said executor, J. Raymond Claghorn, "other than those mentioned in said account may have been made to said bank, and all were made with moneys belonging to the estate of said James L. Claghorn under circumstances which in law would impute to the said bank knowledge of the fact that the money it was receiving belonged to the estate of said testator;" that the account shows money paid the bank on loans to J. Raymond Claghorn after testator's death but does not show that said loans were needed or used for payment of the lawful debts of the estate; that Mrs. Emma C. F. Keller is a creditor of the estate and that the only beneficiaries under testator's will are the said Julia S. and J. Raymond Claghorn. The relief prayed for is that the defendant state the amount of money it has received from the executors, or from either of them, and on what account, and that it be required to pay the plaintiff the money so received, not applied to the lawful debts of the estate.

The defendant demurred to the bill on the ground that the plaintiff was not entitled to the relief claimed and that the court had no jurisdiction. The demurrer was sustained by the court below.

The bill avers a settlement of an account by the executors of James L. Claghorn, deceased, in which the items of payment to the defendant, sought to be recovered in this proceeding, were, or should have been, embraced, and the defendant contends that the adjudication of the account by the orphans' court is conclusive on the plaintiff as to any disbursements made by the executors, or as to any surcharges that should have been made against them. We are clear that this contention must be sustained, and that for this reason the learned court below was right in sustaining the demurrer to the bill.

The orphans' court is a court of record, and its jurisdiction extends inter alia, "to the removal and discharge of executors and administrators deriving their authority from the register of the respective county, and the settlement of their accounts," and to "the distribution of the assets and surplusage of the estates of decedents after such settlement, among creditors and others interested." Executors are required by statute to file their accounts in the office of the register who must present a certified copy thereof to the orphans' court for confirmation

after public notice by advertisement of not less than thirty days "to all persons concerned," of his intention to present the same to the court. This notice is as effective and binding as actual notice to all interested parties: App v. Driesbach, 2 R. 287. Creditors, legatees and distributees are thus furnished an opportunity to be heard on all matters pertaining to the ascertainment of the amount of a decedent's estate, which includes the legality of disbursements made by executors and administrators and the right to surcharge them with a misappropriation of funds of the estate.

This court has settled in a long line of decisions that the orphans' court has exclusive jurisdiction to ascertain the amount of a testator's estate as well as to make a distribution of it. The mode of procedure is fully provided by the various acts of assembly. A creditor, therefore, is required to enforce his rights to any money or property of a decedent's estate in this tribunal, and is precluded from seeking them elsewhere. In Whiteside v. Whiteside, 20 Pa. 473, we held that the orphans' court alone has authority to ascertain the amount of a decedent's property and order its distribution. In this case Chief Justice BLACK said (p. 474): "The orphans' court has become a very important part of our judicial system. The exclusiveness of its jurisdiction and the conclusiveness of its decrees have been placed, by the acts of assembly and the decisions of this court, upon a foundation which cannot be shaken. If there be anything besides death which is not to be doubted, it is that the orphans' court alone has authority to ascertain the amount of a decedent's property and order its distribution among those entitled to it." In Hammett's Appeal, 83 Pa. 394, Chief Justice AGNEW, delivering the opinion of the court, said: "The exclusive jurisdiction of the orphans' court to ascertain the amount of the estates of decedents and order their distribution among those entitled, creditors as well as legatees and distributees, is so fully settled that nothing but future legislation can alter the law. The sources of this jurisdiction and its conclusiveness will be found in a long line of well-considered decisions."

The account filed in May, 1895, should have included all the moneys averred in the bill to have been paid by the executors of James L. Claghorn, deceased, to the defendant bank. Credit was claimed and allowed in the account for the sums set forth

in said account as paid to the bank. The court had jurisdiction to determine the question whether the money so paid was rightly applied, and whether the defendant was a creditor of the estate to the amount paid. Mrs. Keller and other creditors as well as all interested parties had notice that this account would be presented for confirmation (Priestley's Appeal, 127 Pa. 420), and if they had any objections to the payments made to the bank they were required to present them. If the money paid the defendant by the executors and for which they took, or omitted to take, credit in their account was a misappropriation, and the bank had no right to receive it, as averred in the bill, then it was the duty of creditors and legatees to object to the allowance of the amount paid and to have the executors surcharged therewith. The orphans' court had exclusive jurisdiction to determine the question whether there had been any misapplication of the funds of the estate and its adjudication is conclusive.

The position of the learned counsel for the plaintiff that his client and the defendant were not parties to the adjudication of the executors' account by the orphans' court and are not bound by it, is not tenable. A recovery here by the plaintiff would inure to the benefit of creditors and legatees. The plaintiff has no personal interest in the matter. As we have shown, the creditors have had an opportunity to have this money, alleged to have been misappropriated, applied to their indebtedness by excepting to the account of the executors and surcharging them with it. The legatees are the parties who, as executors, paid the money to the bank, and, as it was paid voluntarily, and without mistake or fraud, they are not in a position to demand its return. It is therefore plain that all the parties interested in the estate should be and are bound by the decree of the orphans' court.

We need not consider or determine the sufficiency of the other reasons assigned and discussed for the decree made by the learned judge in dismissing the bill. The reason above given is amply sufficient, and upon it we sustain the action of the court below.

The tenth assignment of error is without merit. The amendments offered by the plaintiff would not have availed him if allowed by the court.

The decree is affirmed.