McCAULEY et al. v. McCAULEY et al.

(District Court, W. D. Pennsylvania. February 5, 1913.)

No. 121.

1. COURTS (§ 280*)—JURISDICTION—LACHES.

   The question of laches in filing a suit in the District Court of the United States is immaterial, in determining the question whether the court has jurisdiction.

   [Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 816–818; Dec. Dig. § 280.*]

2. COURTS (§ 280*)—CONCURRENT JURISDICTION—PLEA TO JURISDICTION—ADMISSIONS—EVIDENCE.

   Where the facts alleged in a plea questioning the jurisdiction of the District Court of the United States are admitted, no evidence in support

thereof is necessary to enable the court to determine the question of jurisdiction.

[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 816–818; Dec. Dig. § 280.*]

**3. COURTS (§ 493*)—CONCURRENT JURISDICTION—PROBATE COURTS.**

The orphans' court in Pennsylvania has jurisdiction of the accounts of an administrator of a decedent, and over decedent's property, and to determine the amount of the estate and distribute the balance in the hands of the administrator, and acquires jurisdiction over the person of nonresidents submitting themselves to the jurisdiction of the court and asking for affirmative relief therein; and, pending proceedings in the orphans' court, the District Court of the United States has no jurisdiction of a suit by the nonresidents, praying for an accounting by the administrator and general relief incident thereto.

[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 1346–1353; Dec. Dig. § 493.*

Conflict of jurisdiction with state courts, see note to Louisville Trust Co. v. City of Cincinnati, 22 C. C. A. 356.]

In Equity. Suit by Charles H. McCauley and others against Herman K. McCauley and another, administrator. Court held without jurisdiction.

Daniel W. Scanlan, of Chicago, Ill., and J. D. Hicks, of Altoona, Pa., for complainants.

Gordon & Smith, of Pittsburgh, Pa., for defendants.

ORR, District Judge. This matter comes before the court upon a plea filed by the defendants, by which the question is raised as to whether or not this court has jurisdiction of the matters contained in the bill of complaint. The bill sets forth briefly that the plaintiffs are citizens of other states and are grandchildren of one Thomas McCauley, who died intestate in the city of Altoona on April 25, 1880, leaving to survive him a widow and four children, including Charles McCauley, the father of the plaintiffs, who died August 9, 1889, leaving a widow, since deceased, and the three plaintiffs, his children, as his only heirs at law. It does not appear by the bill whether the said Charles McCauley died testate or intestate. It further appears in the bill that letters of administration on the estate of said Thomas McCauley, plaintiffs' grandfather, were granted to the defendant and the widow of said Thomas, on the 27th day of September, 1880, out of the orphans' court of Blair county, and that the said widow of Thomas died November 29, 1886, since which date the defendant has acted and is acting as the sole administrator. The bill further avers that the said Thomas McCauley, the grandfather, was seised of certain real estate, was the owner of certain shares of stock, and was the part owner of certain tracts of land, sawmills, lumber leases, etc., which were held by two partnerships in which the said Thomas at the time of his death was an equal partner with a surviving partner, and, further, that the said Charles McCauley, the father of the plaintiffs, was interested in the said partnerships with plaintiffs' grandfather, Thomas, in that the said Charles owned the one-fourth

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

of the one-half interest credited to the said Thomas. The bill further charges that the said Thomas had an interest in land, the title to which was held by a trustee for the use and benefit of the said Thomas, which was of great value, and, further, that the said Charles McCauley, the father of the plaintiffs, died seised and possessed of household furniture, money, and other personal property. There does not appear to be any allegation in the bill that the defendant, either as an individual or as administrator, interfered with the assets of which the bill says the father of the plaintiffs, Charles McCauley, died seised. The bill sets forth that the defendant, as administrator, collected dividends upon the stock of the said Thomas, the grandfather, and collected money from the surviving partner, as part of the estate of said Thomas, and collected money from the trustee, who held the legal title to the land, and that as such administrator the defendant did not file any inventory, and did not file any report of said estate, until the 6th of May, 1909, when a statement purporting to be his final account as administrator was filed in the orphans' court of Blair county. From the bill it appears that at the time it was filed the youngest of the plaintiffs was 26 years old, another 29, and the oldest 32 years old. The prayers of the bill are for a discovery and an accounting, and for general relief incident thereto.

[1] The bill does not set forth any matters excusing the delay by the plaintiffs in filing their bill, except that since the plaintiffs have become of age they have repeatedly demanded an accounting from the defendant, who has refused and neglected to make such accounting. This court has nothing at present to do with the question of delay and laches; but the fact that the plaintiffs waited for such a long time before instituting this proceeding cannot escape the notice of the court, although it has no effect on the decision arrived at upon the plea filed.

The plea sets up, briefly, that this court has no jurisdiction in this case, because these very plaintiffs on June 21, 1909, appeared in the orphans' court of Blair county and filed exceptions to the account of the administrator, and on June 28th following caused an auditor to be appointed by the orphans' court to hear and decide such exceptions and restate the account of the defendant, if necessary, which proceedings upon such exceptions have not been terminated, and that said exceptions are still pending and undisposed of in the orphans' court of Blair county, and include the averments: (1) That the accountant fails to show in his account all the money that came into his hands, or into the hands of his coadministrator, during her lifetime, as administratrix of said Thomas McCauley, deceased; (2) that the accountant fails to show any valuation or appraisement of the shares of stock appropriated and distributed by him, or any public sale of the same; (3) that the accountant fails to account for the moneys received by him from D. K. Ramey (the surviving partner mentioned in the bill) for and on account of the decedent, or for or on account of any settlement, or any money due or supposed to be due said decedent from said Ramey; and (4) that the distribution made by said accountant was made without authority of law, and was

not in accordance with the intestate laws of Pennsylvania, and is therefore void.

[2] The averments of fact in the plea were admitted by counsel for the plaintiffs upon the argument, and therefore no evidence in support of the plea was necessary. Moreover, the case was set down . upon bill and plea.

[3] From the record as thus outlined we see that the plaintiffs in the bill submitted themselves to the orphans' court of Blair county, and there sought the relief which they ask now to have granted by this court, and that the proceedings in Blair county are still undetermined. The first question to determine is whether or not the state court has jurisdiction of the subject-matter. It is clear' that it has jurisdiction of the parties, because they have submitted themselves to such jurisdiction. The evolution of the orphans' court in Pennsylvania as a result of legislative act and judicial decisions is an interesting subject of study for the curious. We have nothing to do with its limitations in the past, but only with its jurisdiction and power in the present. In Hammett's Appeal, 83 Pa. 392, appears the statement by Chief Justice Agnew that:

"The exclusive jurisdiction of the orphans' court to ascertain the amount of the estates of decedents, and order their distribution among those entitled, creditors, as well as legatees and distributees, is so fully settled that nothing but future legislation can alter the law. The sources of this jurisdiction, and its conclusiveness, will be found in a long line of well-considered decisions."

This statement has been approved and followed in many subsequent cases. See Yocum v. Commercial Nat. Bank, 195 Pa. 411, 46 Atl. 94. The orphans' court has power to prevent, by orders in the nature of writs of injunction, acts contrary to law or equity, prejudicial to property over which it has jurisdiction. Miskimin's Appeal, 114 Pa. 530, 6 Atl. 743. In Tyson v. Rittenhouse, 186 Pa. 137, 40 Atl. 476, it was held that the settlement of an estate in the orphans' court cannot be anticipated by a bill in equity or by an action in the common pleas court, and that a bill in equity will not lie to determine the ownership of a fund in course of settlement in the orphans' court. The principal legislative enactment defining the jurisdiction of the orphans' court is Act June 16, 1836, § 19 (P. L. 792), which provides that such courts shall have jurisdiction of:

"VIII. All cases within their respective counties wherein executors, administrators, guardians or trustees may be possessed of or are in any way accountable for any real or personal estate of a decedent."

There is no doubt then that the orphans' court of Blair county had jurisdiction of the accounts of the defendant, as administrator of Thomas McCauley, deceased, and had jurisdiction over the property of which Thomas McCauley died seised, and that it had jurisdiction to determine the amount of the decedent's estate, and to distribute the balance found in the hands of the defendant. It therefore had jurisdiction of the subject-matter of the present bill, and, as we have seen, it had jurisdiction over the plaintiffs in the present bill, because, if for no other reason, they submitted themselves to that jurisdiction and asked affirmative relief. The orphans' court, there-.

fore, having complete jurisdiction and power to determine the matters before it, is there any principle of law that will justify this court in taking jurisdiction of the same subject-matter and the same parties? The court has been unable to find any such authority, and none has been cited in the briefs filed. On the contrary, the weight of authority is all to the proposition that a court, having once acquired jurisdiction of a person or property, cannot be deprived of its right to deal with such personal property until its jurisdiction is exhausted. This rule has been referred to time and again in the decisions of the Supreme Court, and in Re Johnson, 167 U. S. 120, 125, 17 Sup. Ct. 735, 42 L. Ed. 103, is recognized as one of the maxims of the law. While that case involved a conflict of jurisdiction with respect to the possession• of one charged with crime, yet the opinion contains a list of cases relating to other matters as well.

The court is of the opinion, therefore, that because the proceedings pending in Blair county have not been disposed of, the plaintiffs are not entitled to maintain their bill, and the plea must be deemed to be good. This conclusion has been reached after full consideration of such cases as Byers v. McAuley, 149 U. S. 608, 13 Sup. Ct. 906, 37 L. Ed. 867. That case appears to be authority for the interference by the federal court with the administration of a decedent's estate in the orphans' court of Pennsylvania; but a close examination of the case shows that it has no applicability to the case in hand, because the plaintiffs here submitted themselves to the jurisdiction of the orphans' court. The plaintiff in that case did not. The question there was primarily not one of accounting; the question here is one of accounting only.

In Waterman v. Canal-Louisiana Bank Co., 215 U. S. 33, 30 Sup. Ct. 10, 54 L. Ed. 80, which held that a nonresident might maintain a bill under a will that had been admitted to probate in a state court to establish the right of plaintiff to share in certain legacies that had been permitted to lapse, the court considered the jurisdiction of the federal court to direct the filing of an executor's account and used this language:

"In view of the cases cited, and the rules thus established, it is evident that the bill in this case goes too far in asking to have an accounting of the estate, such as can only be had in the probate court having jurisdiction of the matter; for it is the result of the cases that in so far as the probate administration of the estate is concerned in the payment of debts, and the settlement of the accounts by the executor or administrator, the jurisdiction of the probate court may not be interfered with."

There being nothing in this bill before the court except matters of accounting, which the orphans' court of Blair county has at present within its grasp, this court has no jurisdiction to entertain the bill.