## Kelley v. McGurl.

*H. O. Bechtel* and *B. J. Duffy*, for plaintiff.
*C. E. Berger* and *John B. McGurl*, for defendant.

HOUCK, J., Oct. 28, 1929.—On Sept. 7, 1929, Patrick J. Kelley, plaintiff, filed a bill of complaint against John B. McGurl, defendant, as executor of the estate of Bridget Kelley, late of Cass Township, Schuylkill County, who died on June 12, 1928. It appears from the bill that the Register of Wills of Schuylkill County, on June 27, 1928, admitted to probate, as the last will and testament of said decedent, a certain will purporting to have been executed on June 2, 1928, and that letters testamentary thereon were granted to John B. McGurl, defendant. It is alleged in the bill that Patrick J. Kelley, plaintiff, on Nov. 22, 1928, appealed from the decree of the register, and that the record of the register's proceedings has been duly certified "To your Honorable Court." It is obvious that it was meant to allege that the record was certified to the Orphans' Court of Schuylkill County. It is further alleged that the decedent executed a will on Nov. 11, 1916, devising her entire estate to Patrick J. Kelley and naming him as executor. Further allegations in the bill are to the effect that on March 9, 1928, a judgment was entered in favor of Bridget Kelley, the decedent, and against Joseph Conlin, in the sum of $16,000 on a bond dated Feb. 7, 1905, conditioned for the payment of $8000 within ten days from the date thereof; that John B. McGurl, executor of the last will and testament of the said Bridget Kelley, was substituted as plaintiff in this judgment on Nov. 1, 1928; that on Dec. 17, 1928, an *alias fi. fa.* was issued on said judgment and that Conlin's property was advertised for sale by the

sheriff on Sept. 7, 1929; that there are judgments which are prior liens on the property of Joseph Conlin in favor of the First National Bank of Minersville, amounting to $7025.07, and a judgment, which is also a prior lien, in favor of the Miners State Bank, amounting to $1005.30. It is then alleged in the bill that if the property of Joseph Conlin is sold, it will be necessary to pay these prior liens in order to protect the mortgage owned by the estate of Bridget Kelley; that at present it will be impossible to secure a fair value for the property because of depression in the value of real estate; that should the appeal of Patrick J. Kelley from the register of wills prevail, he will be the executor and sole legatee of the estate of Bridget J. Kelley and will be injured if the sale is permitted to proceed; and that John B. McGurl, executor, has no power or authority under the will of Bridget Kelley, which was admitted to probate, to pay off the prior liens and to buy in the property on the mortgage on which execution has been issued. On this bill a preliminary injunction was granted, restraining the defendant from proceeding with the sale until such time as it is legally determined who may be the rightful executor of the estate of Bridget Kelley. On the hearing of the rule to continue or dissolve the preliminary injunction, the plaintiff amended the bill by adding Gordon Nagle, Sheriff, as a party defendant, and thereupon the preliminary injunction was dissolved. In the meantime, pursuant to Equity Rule No. 48, the defendant filed an answer raising preliminary objections to the bill, the objections being that the bill is defective for want of proper parties; that the plaintiff does not allege any facts entitling him to equitable relief; that he has a complete and adequate remedy at law; and that this court is without jurisdiction of the subject-matter of the bill of complaint.

We are met at the threshold of the case with the question of jurisdiction. On this point, the defendant contends that the exclusive jurisdiction to determine the matters here in dispute is in the Orphans' Court. On the other hand, the plaintiff contends that equity has jurisdiction; that it affords the most convenient remedy; that the plaintiff has no adequate remedy at law; and that the Orphans' Court is without power to restrain the execution of a writ issued out of the Court of Common Pleas.

Section 9 of the Orphans' Court Act of June 7, 1917, P. L. 363, 371, provides in part as follows: "The jurisdiction of the several Orphans' Courts, whether separate or otherwise, shall extend to and embrace: . . . (d) The control, removal and discharge of executors and administrators deriving their authority from the register of the respective county, and the settlement of their accounts; . . . (l) All cases within their respective counties, wherein executors, administrators, guardians or trustees may be possessed of, or are in any way accountable for, any real or personal estate of the decedent." The bill here in question was filed against the defendant as executor of the estate of Bridget Kelley, and the plaintiff argued that he represents the estate and is the only necessary party defendant. As such executor, he has come into possession of an asset of the estate, and the plaintiff asks us, in effect, to control his action relative to that asset, and to retain the *status quo* until it is legally determined in the Orphans' Court, on the plaintiff's appeal from the register of wills, whether or not John B. McGurl is the rightful executor of this estate. In our opinion, the subject-matter of this bill is peculiarly within the jurisdiction of the Orphans' Court. "The Orphans' Court is sometimes called a court of limited jurisdiction. This is true, if regard be had to the derivation of its powers, for it possesses none inherently, and exercises such only as are conferred by or implied from legislation; and it is true also as to the subjects of its jurisdiction, for these are set down in the statutes; but

within its appointed orbit its jurisdiction is exclusive, and, therefore, necessarily as extensive as the demands of justice:" Shollenberger's Appeal, 21 Pa. 337, 341. Hence, even prior to the Act of 1917, it was held that the Orphans' Court had exclusive jurisdiction over the property of a decedent that comes into the hands of an executor or administrator by virtue of his office, and exclusive control of the executor in his disposition of such property: Miskimins's Appeal, 114 Pa. 530; Odd Fellows Savings Bank's Appeal, 123 Pa. 356; Tyson v. Rittenhouse, 186 Pa. 137, 143; Williams' Estate, 236 Pa. 259. But, whatever may have been the situation prior to 1917, it cannot now be doubted that the Orphans' Court has full jurisdiction to control an executor. "The word 'control' in clause (d), section 9, is new; it was not in statutes relating to or defining the jurisdiction of the Orphans' Court in force prior to 1917, and if, prior to 1917, there was any doubt as to the power of that court, that doubt is now completely removed. And, since it is a word conferring jurisdiction, it must be given its widest meaning, embracing not only the power to restrain but also the power to direct acts:" Mauser v. Lerch et al., 7 D. & C. 242. See, also, Schadt's Estate, 282 Pa. 523, and Orr's Estate, 283 Pa. 476. Since the bill in this case seeks to control the action of an executor, it seems quite clear that the Orphans' Court has exclusive jurisdiction: Divine et al. v. Skrotsky et al., 8 D. & C. 717, 23 Schuyl. Legal Rec. 106.

That the Orphans' Court has the power to provide a complete remedy in this case appears further from section 16 of the Orphans' Court Act of 1917, providing that the said courts shall have power to prevent, by orders in the nature of writs of injunction, acts contrary to law or equity, prejudicial to property over which they shall have jurisdiction. This section is substantially a re-enactment of section 7 of the Act of May 19, 1874, P. L. 207. That the plaintiff's remedy is under section 16 appears clearly from Gilkeson v. Thompson, 210 Pa. 355. Referring to the Act of 1874, the Supreme Court said: "Though this jurisdiction for the protection and preservation of property may be concurrent and not exclusive, it is the one to which the appellant ought to have resorted, for there his appeal from the probate of the will was pending, and there, if he was entitled to any relief, it could have been given him by a proper order during the pendency of his appeal, intelligently made by the same court that was to dispose of the appeal." The plaintiff's appeal to the Orphans' Court does not operate to suspend the powers or prejudice the acts of the defendant executor (section 21 (b), Register of Wills Act of June 7, 1917, P. L. 415), and the Orphans' Court is the proper tribunal to determine whether or not the *status quo* should be retained pending disposition of the appeal.

It cannot be doubted that the Orphans' Court possesses the requisite power to control every act of the executor relating to property of the estate, and the contention that the Orphans' Court could not restrain the execution of a writ issued to the sheriff out of the Court of Common Pleas is without merit: Hobbs's Estate, 1 W. N. C. 302; Klein's Estate, 11 W. N. C. 354; Turner's Estate, 7 Kulp, 481.

It appearing that the Orphans' Court has exclusive jurisdiction of the subject-matter of this bill of complaint, and that it possesses the necessary power to afford to the plaintiff any remedy to which he may be entitled, it follows that the bill must be dismissed for want of jurisdiction. This makes it unnecessary to decide the other objections to the bill of complaint.

The bill is dismissed, at the cost of the plaintiff.

And now, Oct. 28, 1929, an exception is allowed plaintiff and bill is sealed.

From M. M. Burke, Shenandoah, Pa.