384

## SILVEUS et al. v. HEWINS et al.
### No. 3716.

District Court, D. Massachusetts.
Aug. 17, 1933.

Parsons, Wadleigh & Crowley, of Lynn, Mass., for plaintiffs.

John P. Sylvia, Jr., of Boston, Mass., for defendants.

LETTS, District Judge.

This matter is before the court on a motion to dismiss the bill of complaint. The motion is based upon the contention that the same subject-matter and issues involved in this bill are embraced in an action now pending before the probate court of Barnstable county, Mass. The action involves more than $3,000, and all of the plaintiffs are residents of states other than Massachusetts wherein the defendants reside.

In 1915 one Elizabeth G. Parke of Falmouth, Mass., died leaving a will wherein appeared the following provision: "I give, devise and bequeath as follows: * * * To the Oak Grove Cemetery the sum of four thousand (4000) dollars with which to build a small chapel of concrete which will hold at least fifty people and with dressing or toilet rooms, said chapel to be located near the Parke lot. * * * All the rest and residue and remainder of my estate, both real and personal, wherever situated, of which I may die seized or possessed, I bequeath, to be equally divided between the relatives of my late husband."

This will was duly admitted to probate, and in 1916 the executor paid to the Oak Grove Cemetery Association, which was and is a voluntary association of which the defendants are trustees, the sum of $3,800, having deducted $200 from the amount of the legacy in payment of an inheritance tax. After receiving this fund, the trustees of the cemetery association continued to retain it, but took no steps to apply the same for the construction of a chapel, as provided in the decedent's will.

In August, 1930, the trustees filed a petition in the probate court for Barnstable county, Mass., asking permission to receive and add to the original fund bequeathed by Elizabeth G. Parke, and that they be authorized to use the legacy and accruals thereon, together with other contributions, for the purpose of building a small chapel of stone or granite.

Under date of March 15, 1932, the defendants filed in said probate court a second or substitute petition in which, among other things, they alleged "that no chapel of the kind specified in said will could possibly be constructed for said sum of $3,800, but that in order to construct such a chapel a much larger sum would be required." They further alleged that additional voluntary contributions had been received by the trustees, and that in their opinion these contributions, together with the legacy and accruals thereon, would be sufficient to carry out the construction specified in said will. The trustees ask in the petition for authority to so proceed.

To this petition all of the plaintiffs in the present action made answer, denying the right of the trustees to make use of the fund in their possession on the ground that the legacy had lapsed and should be paid over to the residuary legatees under the will of said Elizabeth G. Parke. The action thus instituted in the probate court for Barnstable county is still pending. An examination of the petition and answer filed thereto leaves no room to doubt that it involves the same subject-matter as that of the bill in equity now

before this court, which was filed September 8, 1932.

The only question involved in both actions is whether the legacy to the cemetery association lapsed as a result of the failure of the trustees over a period of sixteen years to apply it to the purpose designated in the will, together with the acknowledgment of the trustees in the petition filed that no chapel of the character outlined in the will could be constructed from the fund left by Mrs. Parke. The plaintiffs, both in their answer to the petition in the probate court and in the present bill, ask for a determination that the legacy has lapsed and that it be now distributed to them as residuary beneficiaries under the will.

It seems clear that the probate court for Barnstable county, Mass., has jurisdiction to determine and pass upon the issue involved. The plaintiffs, by their answer and appearance, have submitted, although nonresidents, to that jurisdiction.

Massachusetts General Laws, c. 215, § 3, provides: "Probate courts shall have jurisdiction of probate of wills * * * of all matters relative to the estates of such deceased persons. * * *"

Chapter 215, § 6, provides: "Probate courts shall have jurisdiction in equity, concurrent with the supreme judicial and superior courts, of all cases and matters relative to the administration of the estates of deceased persons, to wills, including questions arising under sections twenty and twenty-one of chapter one hundred and ninety-one, or to trusts created by will or other written instrument, of all matters relative to guardianship and conservatorship and of all other matters of which they now have or may hereafter be given jurisdiction. Such jurisdiction may be exercised upon petition according to the usual course of procedure in probate courts."

Chapter 197, § 19, provides: "A legatee may recover his legacy and enforce all rights in respect to the same by proceedings in equity in the probate court in which the will was proved. Nothing in this chapter shall be construed to limit the time within which such proceedings may be brought. No action at law shall be brought against the estate of the testator for such recovery."

[3] Where, as here, a state tribunal has jurisdiction to pass upon an issue, and all parties concerned, even though residents of other states, have voluntarily appeared and submitted to that jurisdiction, I know of no authority, and none has been cited, which would justify this court in taking jurisdiction of the same subject-matter and same parties. In fact, the contrary, in cases of concurrent or conflicting jurisdiction, appears to be so well settled as to be almost a maxim. McCauley et al. v. McCauley (D. C.) 202 F. 280; In re Johnson, 167 U. S. 120, 125.

The bill of complaint is dismissed, with costs.