**MONKS v. BARKER et al.**

**No. 905 Civ. A.**

District Court, D. Massachusetts.

Oct. 24, 1940.

Walter E. Doherty, Jr., Avery, Dooley, Post & Carroll, and Herbert S. Avery, all of Boston, Mass., for plaintiff.

Haussermann, Davison & Shattuck and Stuart MacMillan, all of Boston, Mass., for defendant.

McLELLAN, District Judge.

This action, which seeks, among other things, the construction of a will proved many years ago, in the Probate Court for Suffolk County, Massachusetts, came on for hearing upon the defendant's "Motion to Dismiss and for Other Relief".

(1) In that portion of the motion numbered 1, the defendant seeks a dismissal of the action because, allegedly, on the date of the filing of the complaint, and since that date, all the parties have continued to be residents of the Commonwealth of Massachusetts. The real question is whether the plaintiff, who before coming to Boston was domiciled in California, had become a citizen of Massachusetts on September 14, 1940, when the complaint was filed. At the hearing, it appeared that in proceedings pending in the Superior Court for Suffolk County, in which the plaintiff in this action and her counsel were respondents, service upon the plaintiff was made at her last and usual place of abode stated in the officer's writ to have been 15 Marlborough Street, Boston, Massachusetts. It appeared and I find that thereafter, on or about August 30, 1940, the plaintiff in this action filed an answer in the state court proceedings, stating that she is now living in Boston, and that her counsel made a like statement as to the plaintiff in his answer. I find also that in June 1940, pursuant to an agreement and by instruments of transfer, in all of which the plaintiff is described as of Boston, prior to the filing of the complaint in the case at bar, the plaintiff had bought an apartment house on Marlborough Street in Boston, where she has since lived and is now living. The plaintiff called as a witness on her own behalf testified in substance, and I find that she came to Boston about June, 1939, returned to California, whence she had come in July of that year, and stayed there dur-

ing the trial of a case there in which she was interested. In November, 1939, she returned to Boston. She testified that it is her intention to remain here only until such litigation as is now pending or may be instituted in connection with the estate involved in these proceedings shall have been terminated, and that she then intends to return to California, which she said she still regards as her domicile.

While the controversy as to the first ground of the motion to dismiss is not free from doubt, I think the plaintiff had not lost her domicile in California on or before September 14, 1940, when this action was begun. The action may not be dismissed upon the ground stated in Paragraph 1 of the defendant's motion.

■ (2) In that portion of the "Motion to Dismiss and for Other Relief" numbered 2, the defendant asserts in substance the trial in California of a case, the result wherein might have a controlling effect upon the case at bar, and says "that the questions raised (here) in the plaintiff's amended complaint have already been litigated and there is no occasion for this court to accept the jurisdiction of the controversy." This portion of the defendant's motion is identical with a part of the defendant's motion in an action between the same parties numbered 223 on the docket of this court, 35 F.Supp. 528, and for the reasons appearing in a memorandum of decision in that case filed herewith, I must refuse to decline jurisdiction because of anything appearing in Paragraph 2 of the instant "Motion to Dismiss and for Other Relief."

■ (3) That portion of the defendant's motion numbered 3 seeks not a dismissal of the action for want of jurisdiction, but says in substance that this is not a convenient forum for the determination of a portion or the whole of this controversy, as shown in that paragraph reading:

"That the relief prayed for in the plaintiff's complaint among other things calls for an instruction and interpretation of the Will of John P. Monks who died domiciled in Boston and whose Will was admitted to probate in Suffolk County in this Commonwealth; that the question whether the legal representatives of Allan Bradford Monks are entitled to a share of the said Trust Estate cannot be determined without affecting the interests of various beneficiaries who are or may be entitled to participate in the distribution of said Estate; that these beneficiaries and other persons who claim an interest in said Estate are necessary parties to any proceeding involving the construction and interpretation of the Will of John P. Monks; that several of such interested parties reside outside the jurisdiction of this Court; that the defendants as Trustees under the Will of the said John P. Monks intend to file forthwith in the Probate Court for Suffolk County a petition for instructions requesting said Court to instruct them as to the proper interpretation of the Will of the Testator and to instruct them as to the persons entitled to share in the distribution of said Trust Estate according to law. That the defendants were appointed by decree of said Probate Court for Suffolk County and hold the assets of the Trust Estate subject to the order and decree of that Court; that all necessary parties may be required to submit to the jurisdiction of said Probate Court and the rights of the plaintiff, if any, in the said Trust Estate will be fully and adequately protected therein; that if this Court has jurisdiction, a sound discretion requires that it decline to exercise jurisdiction of the action leaving the parties free to seek adjudication of their respective rights in a more appropriate forum."

A petition for instructions of the character referred to in the foregoing quotation from the motion has now been filed in the Probate Court for the County of Suffolk and Commonwealth of Massachusetts. Had such a petition for instructions been filed prior to the institution of this action, I should have thought, on the authority of Silveus v. Hewins, D.C., 4 F.Supp. 384, and the cases there cited, that the relief here sought should have been granted. See also Ladd v. Tallman, 4 Cir., 59 F.2d 732; In re Gray's Estate, 7 Cir., 66 F.2d 367. Nor is it entirely clear to me that in view of the fact that the Massachusetts Probate Court has long had jurisdiction over the estate here involved, that this Court as a matter of discretion should not decline jurisdiction. It seems to me, however, as a practical matter, that the thing now to do is not to decline jurisdiction, but to let the case remain on the docket pending a decision by the Massachusetts courts upon the petition for instructions to which I have referred. This course seems to me particularly appropriate in the light of Tompkins v. Erie R.R., 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188, 114 A.L.R. 1487, which makes one of the ultimate problems

in the case at bar the determination of the construction which the court of last resort in Massachusetts would place upon the will here involved.

An order is to be entered denying the dismissal of the action as sought in Paragraph 1 of the defendant's "Motion to Dismiss and for Other Relief", and providing that the case shall remain upon the docket without further action until the state court proceedings seeking a construction of the will shall have been terminated or there shall have been such undue delay in prosecuting the state court petition as would make further delay in the instant case unfair, a matter which, after the lapse of a sufficient period, the parties are at liberty to call to this court's attention.