## Spragg v. Dulaney

*Pollock & Pollock,* for petitioner.

*Smith, Marion & Balaban,* for Register of Wills.

*R. S. Smith,* for Greene County.

Hook, P. J., March 22, 1954.—Rae B. Spragg, clerk of the orphans' court of this county, filed a petition for a declaratory judgment against Harold Dulaney, register of wills, to declare the right, status and duties of the clerk of the orphans' court and the register of wills on accounts of executors and administrators, which under the law are filed with the register of wills and transmitted by him to the clerk of the orphans' court for audit and confirmation. In Greene County, a sixth class county, the register of wills is also recorder of deeds, and the clerk of the orphans' court is also clerk of the court of quarter session and oyer and terminer. Although both are salaried officers, and the fees of their respective offices go into the county treasury, each should be credited for the services performed.

To decide the questions raised by the petition, it is necessary that we ascertain the statutory duties required of each office on accounts transmitted by the register to the clerk.

Section 6, Rule 5, of the Orphans' Court Rules of the Supreme Court of Pennsylvania, approved December 30, 1942, effective the first Monday of July 1943, provides:

"The following accounts shall be filed in the office of the Register of Wills: (a) An account of an executor or administrator."

Section 702 of the Fiduciaries Act of April 18, 1949, P. L. 512, 20 PS §320.702, provides: "The account of the personal representative shall be filed in the office of the Register." This is based on section 6(5) of the Supreme Court Rules.

From the effective date of the Act of March 15, 1832, P. L. 135, sec. 30, the register was required

to prepare and present a certified copy of an account filed in his office to the orphans' court of the respective county: Yocum v. Commercial National Bank of Pennsylvania, 195 Pa. 411, 414. The practice of the register presenting a certified copy of an account to the clerk was changed by the Act of June 7, 1917, P. L. 447, sec. 46(d), which provided:

"Every register, with whom an account has been or shall be filed, shall transmit the same to the Orphans' Court of the respective county, at its next stated meeting."

Section 403 of the Register of Wills Act of June 28, 1951, P. L. 638, 20 PS §1840.403, provides:

"All accounts filed with the register shall be transmitted to the court for audit and confirmation on dates fixed by the court by general rule or special order and shall be advertised as required by law."

Since the register of wills is not required to record accounts of executors and administrators filed in his office, either under the Register of Wills Act of June 28, 1951, P. L. 638, or the Fiduciaries Act of April 18, 1949, P. L. 512, we conclude that the statutory duty imposed on the register of wills on accounts of executors and administrators is to receive the account for filing, and transmit it to the clerk of the orphans' court. While the Act of August 21, 1953, P. L. 371, effective January 1, 1954, 20 PS §2046, prescribing the fees to be received by the register of wills in counties of the fourth, fifth, sixth, seventh and eighth class, provides: "Accounts: Filing, recording accounts of executors, administrators and guardians, including transmission of same to Orphans' Court and confirmation; first page double space $15.00, and each additional page $1.00; first page single space $15.00, and each additional page $1.50," it does not fix a fee specifically scheduled therein for the services performed by the register in filing and transmitting accounts to the orphans' court.

However, this failure has been taken care of by Section 209 of the Register of Wills Act of 1951, which reads: "The court may establish a bill of costs to be charged for the service of the register not otherwise specifically provided by law," and the Act of 1953 prescribing the fees to be received by the register of wills, which contains the following provision: "Fees for similar services not herein specifically scheduled shall be charged on the same basis as those scheduled."

It is also necessary that we ascertain the statutory duty imposed on the clerk of the orphans' court on accounts transmitted by the register of wills to the orphans' court for audit and confirmation. After the account has been transmitted to the orphans' court, the clerk, in accordance with section 505 of the Orphans' Court Act of 1951, 20 PS §2080.505, must give notice by advertisement of the time when accounts filed with him and with the register will be presented to the court for confirmation, stating in the advertisement the names and capacities of the respective accounts, and under section 502 of that act, and Rule No. 24, sec. 3, of the Orphans' Court Rules of this county, the clerk shall enter into a docket provided for that purpose a record of said account, and after the account has been presented to the court, confirm the same. We conclude therefore that the statutory duty imposed on the clerk of courts as to accounts of executors and administrators transmitted to said office by the register of wills is to file, advertise, record and confirm.

The Act of August 21, 1953, P. L. 370, effective January 1, 1954, 20 PS §2224, prescribing the fees to be received by the clerk of the orphans' court of counties of the fourth, fifth, sixth, seventh and eighth class, provides:

"Accounts: Filing, recording, and setting up printed copies of advertisement of accounts of trustees and

guardians, including certificate of the clerk; first page double space typewriting $11.00, each additional page, double space typewriting $1.00; first page single space typewriting $12.00, each additional page, single space typewriting $2.00."

It is to be noted that the above act fails to provide a fee for the clerk on accounts of executors and administrators transmitted by the register of wills to the orphans' court. However, section 503 of the Orphans' Court Act of 1951, provides:

"Each orphans' court may establish a bill of costs to be charged for the services of the clerk not otherwise provided for by law". The Act of 1953 prescribing the fees to be received by the clerk of the orphans' court, supra, contains the following: "Fees for similar services not specifically scheduled shall be charged on the same basis as those herein scheduled."

Since the acts prescribing the fees to be received by the register of wills and the act prescribing the fees to be received by the clerk of courts failed to specifically schedule a fee or fees for the statutory services rendered by the register of wills and the clerk of the orphans' court on accounts of executors and administrators, it is the duty of this court, as hereinbefore stated, to establish a fee to be charged for the services of the register of wills and the clerk of courts, respectively.

In this county the register of wills has been collecting the fee established by the Act of 1953, and the clerk has been collecting the fee prescribed by the Fee Bill of 1953, each officer contending that because of the services performed, that they are entitled to the same. The register of wills, in addition to filing and transmitting the accounts to the orphans' court, has been preparing a copy thereof and filing the same in his office, a duty which is not now required either by statute or rule of court.

The county commissioners contend that the register of wills is entitled to all the statutory fee because he is directed to levy it, and that the clerk is entitled to levy an additional fee as said officers are now doing. This position is not logical unless it was the intention of the legislature to duplicate the services on accounts by the respective offices. As we construe the acts, the legislature only intended each officer to receive a fee for the services performed. Accordingly, we must establish a fee for the register of wills for filing and transmitting the account for audit and confirmation.

The Orphans' Court Rules Committee suggests that the register of wills levy a fee as provided in the fee bill of 1953 and transmit or allow the clerk a credit with all but $4 thereof. The register of wills contends that $4 is not sufficient for the services performed in filing and transmitting accounts.

While the register of wills fee bill does not contain a standard or yardstick for service similar to filing and transmission of accounts, it does establish certain fees for filing certain documents but none similar as to transmission of accounts. We know that both officers must coöperate after accounts have been filed with the register in order that the clerk have the necessary information to advertise the filing of the account. Considering the fee of the register of wills on the above basis, we are inclined to establish a fee of $6 for all services of his office for filing and transmission of accounts of executors and administrators to the orphans' court for audit and confirmation.

The clerk of courts performs similar services on accounts of executors and administrators transmitted by the register of wills to the clerk as on accounts of trustees and guardians filed in the office of the clerk. Since the fee bill of 1953 for said office provides that fees for similar services not specifically scheduled shall be charged on the same basis as those herein scheduled,

the clerk of courts in this county is entitled to the same fee for the services performed on accounts transmitted by the register of wills as on accounts of trustees and guardians filed in that office as provided by the aforesaid act. For the reasons hereinbefore set forth, we made the following

*Declaration*

And now, March 22, 1954, the rights and duties of the register of wills and the clerk of the orphans' court, respectively, as to fees for their services on accounts of executors and administrators which under the law are filed with the register of wills and transmitted by him to the clerk of the orphans' court for audit and confirmation, are declared to be as follows:

1. The register of wills shall (a) mark the account filed, (b) make a notation of the time of said filing on the will book at the estate, and (c) transmit the account to the clerk of the orphans' court for audit and confirmation.

2. The register of wills shall levy a fee of $6 for the services performed by his office on accounts of executors and administrators.

3. The clerk of courts shall (a) advertise the account, (b) record the account, and (c) present the account to the orphans' court for audit and confirmation.

4. The clerk of courts shall levy the same fee on these accounts as prescribed by the orphans' court fee bill of 1953 for accounts of trustees and guardians.

5. These proceedings having been instituted in the court of common pleas, we are now transferring the same to the orphans' court of this county and adjudicating this matter as if the proceedings had been originally instituted therein.

6. The costs of these proceedings are placed upon the County of Greene.

7. This decree shall become absolute unless exceptions are filed within 10 days.