## Loomis *versus* Loomis.

The Common Pleas even as a court of equity cannot interfere with a matter of which the Orphans' Court has exclusive jurisdiction.

A bill in equity in the Common Pleas cannot be sustained against an executor to restrain him from selling real estate in pursuance of an order of Orphans' Court.

The Orphans' Court has all the powers of discovery requisite for the complete exercise of its jurisdiction.

APPEAL from the Common Pleas of *Erie county.*

This was a bill in equity, filed by Elizabeth Loomis against Dyer Loomis, executor of Dyer Loomis, deceased, to compel respondent to account, and pay the debts and legacies out of personal estate, and to enjoin him against the sale of real estate.

In 1840 Dyer Loomis, Sr., by his will, directed his executor, Dyer Loomis, the respondent, to pay "all my debts and funeral expenses from the first moneys that shall come into his hands from my estate," to take possession of all testator's real and personal estate, and have the use of the same after the payment of debts;

[Loomis *v.* Loomis.]

to take charge of his minor children until they severally attain the age of 21 years, and he bequeathed legacies to his widow and seven of his children, to be paid when the youngest living child shall attain the age of 21 years, and the residue of his estate, real and personal, after the payment of legacies, to be equally divided among his twelve children when the youngest attains the age of 21 years. In 1841, by codicil to his will, testator gave and bequeathed to his son Dyer all his personal property, to hold for the uses and purposes expressed in his last will, until the youngest son arrives at the age of 21. "The meaning of the above bequest is that the personal property aforesaid shall be unconditionally the property of the said Dyer Loomis, Jr., at the time Hiram, my youngest son, attains the age of 21 years." Afterwards, in April, 1841, a contract was entered into between the father and his son Dyer, by which, in consideration of the personal property and use of the father's real estate, the son was to maintain his father during life, and provide for and educate the minor children until they arrive at the age of 21.

Testator died in 1842. The respondent proved the will and took upon himself the executorship thereof. Afterwards, in 1854, he filed an account, showing a balance due him of $464.72. To pay this balance, the legacies, and a judgment obtained against him as executor in 1842, revived in 1845, and again in 1849, the other heirs not being parties, he obtained from the Orphans' Court, 26th June, 1854, an order to sell, and sold the real estate of testator. Exceptions to the confirmation of this sale and his account were filed, the whole matter was referred to an auditor, and while thus pending the relator presented her bill in equity. This set forth, *inter alia*, that the principal debt, the judgment above-mentioned, had lost its lien by lapse of time, and was originally contracted for use of respondent: that testator, in his lifetime, made advancements to respondent, paid his debts, and supported his family, and that a large amount of personal property of testator was in hands of respondent, and should be divided. Certain interrogatories to respondent were propounded, to be answered by him. He was asked to be required to come to a fair account, pay the debts and legacies out of the personal estate, and be perpetually enjoined against the sale of the real estate. Respondent demurred to and answered the bill. The court overruled the demurrer.

The respondent, in his answer, alleged that the said debt was contracted after the making of the will and codicil: that it was not for his use: that the judgment had been revived from time to time against him: that under the contract referred to, the testator had conveyed all his personal property to respondent: that he had no funds of testator in his hands: that the account filed was just and true: that the debts and legacies could not be paid except by sale of the land, and that all the matters complained of, set forth in

[Loomis v. Loomis.]

the bill of complainant, are within the jurisdiction of the Orphans' Court and remediable there only.

The court below dismissed all those portions of the bill relating to the personal estate of Loomis, Sr., and enjoined and restrained the respondent from further proceeding at law on the order of sale granted by the Orphans' Court, and also enjoined him not to commence any legal proceedings for the purpose of procuring the sale of said real estate for the payment of debts.

The errors assigned were: 1. In sustaining the bill of the complainant and in not dismissing it for want of jurisdiction.

2. In adjudicating and ruling that the executor who had paid debts of his testator while they were liens, and had not a sufficiency of personal assets to meet the advancement, could not, after the expiration of ten years from the death of the decedent, have a sale of his real estate for the payment of the balance of his administration account.

3. In perpetually restraining respondent from further proceedings at law on the order of sale granted by the Orphans' Court, and perpetually restraining him from commencing any legal proceedings for the purpose of paying any debt, balance of executors' account, or legacies out of the land.

*Babbitt*, for appellant.—The entire jurisdiction of the sale of real estate of a decedent is conferred upon the Orphans' Court, and the manner of proceeding prescribed must be pursued: Act of 21st March, 1806. Bill must state a case within the jurisdiction of the court: 1 *Barbour's Chan. Prac.* 39. The Acts of 1797 and 24th February, 1834, do not apply to a balance due to an executor or administrator: Cobaugh's Appeal, 12 *Harris* 143. A devise of real estate, after payment of debts and legacies, charges the real estate: 2 *Jarm. on Wills* 512–13; 2 *Story Eq. Jur.* 1246; Lupton v. Lupton, 2 *John. Ch.* 614, 624.

*Grant*, for appellee.—Defendant cannot demur to and answer the whole bill at the same time: *Brightly's Equity* 722, 454; *Story's Eq. Pl.* § 422; Jones v. Lord Strafford, 3 *P. W.* 79; 2 *P. W.* 474; *Cooper's Equity* 229, 114–15; 2 *Br. Ch. Cases* 214; 1 *Dickins* 273; 2 *Dickins* 585; 10 *Ves.* 444; *Mitf.* 299, 241, 237; 2 *Atk.* 155; 1 *Anstruther* 14, 59, 97; Ferguson v. O'Hara, *Pet. C. C. R.* 494. Equity extends its jurisdiction in furtherance of justice when a full, perfect, and complete remedy cannot be afforded at law: *Bright. Eq.* 460; Bank of Virginia v. Adams, 1 *Pars.* 541; Kirpatrick v. McDonald, 1 *Jones* 393, &c. After judgment against an executor, within five years the heirs should be made parties to perpetuate the lien of a simple contract debt: Benner v. Phillips, 9 *W. & S.* 13; Moorhead v. McKinney, 9 *Barr*

[Loomis *v.* Loomis.]

265; Duncan *v.* Clark, 7 *Watts* 217. An administrator cannot place himself, as to the real estate, in a better situation than other creditors: McCurdy's Appeal, 5 *W. & S.* 397; Clauser's Estate, 1 *W. & S.* 208. After seven years a debt not of record ceased to be a lien on real estate in possession of heirs: Bailey *v.* Bowman, 6 *W. & S.* 118; Penn *v.* Hamilton, 2 *Watts* 53; Maus *v.* Hummel, 1 *J.* 228; Trevor *v.* Ellenberger, 2 *Pa.* 94.

The opinion of the court was delivered by

Lowrie, J.—We do not stop to discuss the questions of pleading argued in this case, because the whole subject-matter is without the jurisdiction of the Common Pleas and within the exclusive jurisdiction of the Orphans' Court. There is no clause in the Act of Assembly relating to equity powers that even seems to give the Common Pleas such a jurisdiction. The discovery clause is intended to provide the court with means of trying its own cases. The prevention clause was not intended to create any interference between different co-ordinate courts in the jurisdiction exercised by them, and especially to allow the Common Pleas to draw to itself the jurisdiction of the Orphans' Court. The specific relief clause refers only to acts *in pais*, and not at all to acts that are directed by a co-ordinate court.

And there is no need of such a jurisdiction in the Common Pleas, for the Orphans' Court is of itself a court of equity. It has all the powers of discovery that are needed for the complete exercise of its jurisdiction. And it sits as a court of equity, and, in a rude way, uses the forms of a court of equity when it orders land to be sold for the payment of debts; and certainly the Court of Common Pleas cannot sit in error, even in this form, over its decrees.

DECREE.—November 7th, 1856. This cause came on for hearing at the present term on appeal by the defendants from the final decree of the Court of Common Pleas of Erie county; and now, upon due consideration, it is ordered and decreed that the said decree be reversed and set aside, and that the plaintiff's bill be dismissed at her costs, and the record is remitted to the said Court of Common Pleas.