ALL v. GOODSON.

Defendant purchased a water wheel from the manufacturers through their agent for $300, paying $229 cash, which was forwarded to the sellers, and giving a note for $71 to the agent, the amount of commissions allowed him by the manufacturers, his principals. *Held*, that defendant was not entitled as against this note to a homestead in the land

to which this water wheel was attached as a fixture, and that the holders of this note were entitled to have a certificate to that effect endorsed on the judgment obtained on the note.

Before KERSHAW, J., Barnwell, November, 1889.

This was an action by All & All, endorsees of W. R. Wright, against J. M. Goodson. The opinion states the case.

*Mr. James E. Davis*, for appellant.

*Mr. I. L. Tobin*, contra.

June 30, 1890. The opinion of the court was delivered by

MR. CHIEF JUSTICE SIMPSON. The defendant, appellant, purchased from Pool & Hunt, of Baltimore, through their agent, one W. R. Wright, a water wheel, with other mill fixtures attached, the price being $300. Of this amount, it seems, Pool & Hunt allowed their agent the sum of $71. The amount going to Pool & Hunt was paid by the defendant, and a note was given to Wright for his commissions, &c. This note was transferred by Wright to the plaintiffs, who recovered judgment thereon, and the proceeding below was for an order directing an endorsement on the judgment that it was for improvements on the homestead of the defendant, as required by section 2001, General Statutes, in such cases, so as to prevent claim of homestead as against such debt. It should have been stated that the wheel and mill fixtures were put up on defendant's land claimed by the defendant as a homestead, Wright, the agent, it seems, assisting in the erection.

The matter was referred to the master, who, upon the testimony taken by him, reported as matter of law that the defendant was not entitled to the exemption claimed, having found as matter of fact that the water wheel was a fixture on the land and an improvement thereon, and also that the debt sued on was a part of the purchase money of said wheel. His honor, Judge Kershaw, confirmed the master's report. Hence the appeal.

Appellant contends that the note sued on, representing the commissions of the agent, and being settled by a separate note

to said agent, constituted no part of the purchase money. The testimony was that the water wheel, &c., was sold to the defendant for $300. That was the price put upon it by the vendors through their agent Wright, and that was the price which the defendant contracted to give. How the purchase money was to be divided between Pool & Hunt and their agent could have made no difference to the defendant. He considered that the machinery would be worth $300 to him, and he agreed to pay that sum, paying Pool & Hunt all but $71 in cash, and giving Wright his note for $71, the remainder. We concur with the master and the Circuit Judge that this note represented part of the purchase money of the wheel, and it being a fixture on the defendant's homestead, and an improvement thereon, that defendant cannot claim an exemption as against said debt.

It is the judgment of this court, that the judgment of the Circuit Court be affirmed.