## Henderson, Hull & Co., Ltd., *v.* R. B. Stryker and Wife, Chas. B. Weaver, Exr. of Henry Weaver, and J. F. Strieby.

*Mortgage—Satisfaction—Legacy—Assignment—Merger—Equity.*

Where an executor under a will lends to a legatee under the will, upon. mortgage, a portion of a fund in which the legatee is entitled to share after the termination of a life estate, immediately upon the death of the life tenant, the mortgage is satisfied by operation of law, in an amount equal to the amount of the mortgagor's legacy.

If the mortgaged premises are in one county, and the executor's account must be filed in another county, the court of common pleas of the county in which the land is situated cannot, by a decree in equity, postpone the lien of the mortgage to that of a second mortgage, until, by a settlement of the executor's account, it is ascertained what amount is due to the mortgagor as legatee.

In such a case an assignment of the mortgage by the executor after the death of the life tenant does not prevent an extinguishment of the mortgage to the extent of the legatee's interest in the estate.

The holders of the second mortgage have no equity to demand a decree that will enable them to bid intelligently at a sale of the mortgaged premises, superior to the equity of the assignee of the mortgage to retain his priority of lien to the extent that the mortgage is not satisfied by the legacy.

Argued May 7, 1894.   Appeal, No. 41, July T., 1893, by defendants, from decree of C. P. Union Co., March T., 1891, No. 1, on bill in equity.   Before GREEN, WILLIAMS, McCOLLUM, DEAN and FELL, JJ.   Decree modified.

Bill in equity to postpone lien of mortgage.

The case was referred to Samuel Orwig, Esq., as master, from whose report the facts appear as stated in the opinion of the Supreme Court.

The master recommended the following decree:

"1. That the lien of the mortgage from R. B. Stryker and Sarah E. Stryker to Charles B. Weaver, executor of Henry Weaver, deceased, for $1,200, dated July 21, 1883, and recorded in the office for the recording of deeds, etc., in Union county, in mortgage book E, page 577, August 8, 1888; and also in the office for the recording of deeds in Lycoming county, in mortgage book 14, page 548, and assigned by said Charles B. Weaver, executor, to J. F. Strieby, Esq., Dec. 18, 1890, and

assignment recorded in Union county, in mortgage book K, pages 118 and 119; and in Lycoming county, in mortgage book    , page    , be postponed to the lien of the mortgage from said R. B. Stryker and Sarah E. Stryker to Henderson, Hull & Co., Ltd., for $1,500, dated Nov. 4, 1886, also recorded in the office for the recording of deeds, etc., in Union county, in mortgage book F, pages 251 and 252, and in Lycoming county, in mortgage book 2C, page 504, vol. 28, to the extent for the amount of the legacy payable to the said Sarah E. Stryker, under and by the last will and testament of Henry Weaver, deceased, out of the funds directed by said testator to be invested for the use of his widow during her life, and at her death to be paid to his children in equal shares and out of the fund vested in real estate, as the same shall appear in the orphans' court of Lycoming county.

" 2. That a record of this decree be made by the recorder of deeds in Union county, and by the recorder of deeds in Lycoming county, and a reference to said records on the margins of the mortgage books where said mortgages are recorded.

" 3. That the decree be entered of record in the courts of common pleas of Union and Lycoming counties, to the records of the writs of sci. fas. issued on said mortgages.

" 4. That defendants pay the costs." .

Exceptions to the master's report were dismissed, and the decree entered as recommended by the master, in an opinion by McClure, P. J.

*Errors assigned* were dismissal of exceptions and entry of decree, quoting them, and in assuming jurisdiction and in not dismissing bill.

*J. C. Bucher, J. F. Strieby* with him, for appellants.—Whilst a merger, at law, does not depend upon the intention of the parties, the rule is different in equity. In Cook v. Brightly, 46 Pa. 444, it is said, " indeed merger is never allowed, unless to promote the intention, either averred or expressed, of the party." It is also laid down in Hatz's Ap., 40 Pa. 209; Duncan v. Drury, 9 Pa. 332; Richards v. Ayres, 1 W. & S. 485; Moore v. Bank, 8 Watts, 138, " that where it is manifestly to the interest of the owner of the incumbrance that it should not be sunk in the inheritance, it will be kept alive." It is clear that no merger could take place under the facts of this case.

The personal estate of the decedent vests in the administrators or executors in trust for creditors, heirs or legatees : Walworth v. Abel, 52 Pa. 370.

The executor's control over the fund or estate devised is absolute for the purpose mentioned, with the one exception, that, under certain circumstances, the legatees may elect to take the land itself, instead of the proceeds. If they do not so elect, they have merely the right to receive a sum of money.

But in this case no election could be made ; at all events none was made by Mrs. Stryker. Her right was merely to receive a sum of money, and the executor had a perfect right to collect the mortgage : 7 Waite's Actions and Defences, 505 ; Irving v. De Kay, 10 Paige, 319 ; Morgan v. Morgan's Exrs., 1 Mona. 137 ; Dobbs v. Protho, 55 Ga. 73 ; Guthrie v. Guthrie, 17 Texas, 541 ; Stokes v. Fireman, 12 La. 171 ; Wolfersberger v. Bucher, 10 S. & R. 10 ; Steel v. Steel, 12 Pa. 54 ; Gray v. Smith, 3 Watts, 291 ; Morrow v. Brenizer, 2 Rawle, 190.

Mutual debts do not extinguish each other per se : Hinckley v. Walters, 9 Watts, 179 ; Milliken v. Gardner, 37 Pa. 456.

The mortgage was not a personal obligation, and the executor could not set off the amount of the mortgage against her legacy, as in the case of a personal debt due the testator by the legatee : Ins. Co. v. Miller, 89 Pa. 26 ; Baum v. Tonkin, 110 Pa. 569.

In a suit by executors to foreclose a mortgage given to them as executors, the mortgagors cannot set off a distributive share in the estate of testator which has not been ascertained and ordered to be paid : 7 Waite's Actions and Defences, 505 ; Morgan v. Morgan's Exrs., 1 Mona. 137.

*J. M. Linn, P. B. Linn* and *Candor & Munson* with him, for appellees.—Mrs. Stryker's interest was vested: Manderson v. Lukens, 23 Pa. 31 ; Macalester's Est., 14 Pa. C. C. R. 386 ; Crawford v. Ford, 7 W. N. 534 ; Womrath v. McCormick, 51 Pa. 504 ; Laguerenne's Est., 12 W. N. 110 ; Bushong's Est., 11 W. N. 107 ; Provenchere's Ap., 67 Pa. 463.

The mortgage was extinguished on the death of the life tenant: 3 Sharswood & Budd's L. Cas. R. Prop., 328 ; Wankfield v. Wankfield, 1 Salk. 299 ; Reigle v. Seiger, 2 P. & W. 340 ; Shelly v. Shelly, 8 W. & S. 161 ; Hollenberger v. Yaukey, 145

Pa. 179; Jeffs v. Wood, 2 P. Wms. 129; Gochenauer v. Cooper, 8 S. & R. 187; Gochenauer v. Froelich, 8 Watts, 19; Bender v. Siegel, 1 Lehigh Valley R. 62; 3 Trickett on Liens, 197, § 153.

A subsequent incumbrancer may show that a prior incumbrance has been paid, extinguished or its enforcement estopped: Clark v. Douglass, 62 Pa. 408; Campbell v. Sloan, 62 Pa. 481; Gochenauer v. Cooper, 8 S. & R. 203.

The assignee of a paid judgment takes no title against subsequent creditors: Wood v. Vanarsdale, 3 Rawle, 401; Waters v. Largy, 5 Rawle, 131.

Where mortgagors procured the payment of a first mortgage with what was admittedly their own money, it extinguished that mortgage at law and equity as between it and the second mortgage, and the latter took its place: Loverin v. Trust Co., 113 Pa. 6.

A mortgage of the wife's real estate executed by husband and wife to secure a debt of her husband, and acknowledged by the wife in the manner required by law in respect to absolute conveyances, will bind the estate: Jamison v. Jamison, 3 Whart. 457; Louden v. Blythe, 27 Pa. 25; Logan v. Gardner, 136 Pa. 588.

OPINION BY MR. JUSTICE DEAN, Oct. 1, 1894:

Sarah E. Stryker, wife of R. B. Stryker, is a daughter of Henry Weaver, in Lycoming county, who died in spring of 1876, leaving a will, of which Charles B. Weaver is now sole executor. In this will, he directed his executors to purchase a house and lot for the use of his widow, not to exceed in price $2,000, and also invest, in real estate securities, $6,000, the interest to be paid annually to the widow during her life. At her death, the house and lot to be sold, and the proceeds, along with the money invested, to be divided equally among his seven children. Sarah E. Stryker was the owner of a small farm lying partly in Union and partly in Lycoming county. In 1883, the executor of her father loaned to her $1,200, payable in five years, interest annually, and took as security a mortgage joined in by her husband, upon the farm. On the 4th of November, 1886, three years afterwards, Henderson, Hull & Co., these plaintiffs, loaned R. B. Stryker, the husband of Sarah, $1,500,

payable in four years, interest annually, and as security took
a second mortgage upon the same land, the wife joining in the
mortgage upon her separate estate.    February 10, 1889, the
widow of Henry Weaver died.   On December 18, 1890, the ex-
ecutor, for value received, assigned his mortgage to J. F. Strieby.
On January 20, 1891, the plaintiffs filed their bill, setting out
the facts as stated, and further averring that, at the death of
the widow of Henry Weaver, the share of Sarah E. Stryker in
the proceeds of the house and lot, and in the money invested
for the use of the widow, vested absolutely in the said Sarah,
and therefore her said mortgage to the executor merged in her
title, at least to the amount of the legacy payable to her by the
executor, and, so far as concerned plaintiffs, became thereby
satisfied ; that their second mortgage could not be sued out
until twelve months from November 4, 1891 ; that their secu-
rity was endangered by reason of their inability to sue, and
praying that the lien of the first mortgage of the executor be
postponed to the lien of theirs, and that the executor be re-
strained from proceeding to collect his mortgage, or doing any
act by which their mortgage might be prejudiced.   They after-
wards amended their bill, by averring collusion between the
Strykers and the executor to defraud them by assigning the
mortgage to Strieby, and further, that Strieby was not an in-
nocent purchaser for value, but, with full knowledge of the
facts, took the assignment from the executor for the purpose
of depriving the plaintiffs of the first lien they would otherwise
have had by reason of the merging of the mortgage in the title
of Sarah E. Stryker.

The defendants, in their answer, denied any fraud or collu-
sion ; denied that the $1,200 vested absolutely in Sarah at the
death of her mother, and that there was any merger of the
mortgage in her title, by which the plaintiffs' mortgage, or
any part thereof, became a first lien on the premises.

The executor, for himself, answered that he assigned and
transferred the mortgage for the consideration of $1,373.40,
which was paid him by Strieby; that the share of Sarah E.
Stryker in the balance of her father's estate, would only equal
a part of the loan secured by the mortgage given by her to
him, and the exact amount could not be determined until a
final settlement of his accounts in the orphans' court of Ly-

coming county.  The defendants further denied the jurisdiction
of the common pleas of Union county over the trustee and ex-
ecutor of the estate of a testator, whose domicile was in Lycom-
ing county; and further averred adequate remedy at law for
plaintiffs touching the several complaints in their bill.

The bill was sent to an examiner and master to report testi-
mony and facts, and suggest decree.

After full hearing, the master found as facts: 1. The sum
of $1,200, loaned Sarah E. Stryker by the executor on the first
mortgage, was part of the money directed by the will to be in-
vested during the life of the widow, but there was no agree-
ment or understanding that any part of the mortgage was to
be satisfied out of her share of the money invested for the
widow.  2. That there was no evidence to impeach the bona
fides of the assignment to Strieby.  3. That, by the will, Sarah
E. Stryker was entitled, at her mother's death, to the one
seventh of $6,000 and the one seventh of the purchase money
of the house and lot, and her whole share of both, he believes,
will equal $1,000, but it is impossible to find the amount of
assets in the executor's hands at the death of the widow.
4. He fails to find any fraud or collusion between the parties
to prejudice Henderson, Hull & Co.

As conclusions of law, the master determined: 1. That the
legacy to Sarah E. Stryker, under her father's will, vested im-
mediately on his death, its enjoyment being postponed until
the death of her mother.  2. That the only legal method of
determining the amount of Sarah E. Stryker's share, was by
settlement of the accounts of the executor, and distribution to
the legatees in the orphans' court of Lycoming county, and
that, at the death of the widow, the executor held this mort-
gage with the other funds of the estate as trustee for Sarah E.
Stryker and the other legatees.  3. That any extinguishment
of the mortgage cannot extend beyond the amount due Sarah
E. Stryker under the will of her father on a final settlement of
the account of the executor in the orphans' court of Lycoming
county; that at the death of her mother, the mortgage was ex-
tinguished to the amount of the mortgagor's share in the fund.
4. That Strieby, the assignee, stands in place of the executor,
and the mortgage in his hands is subject to the same equities
as immediately before the assignment.  That the equities of
the plaintiffs entitle them to a decree postponing the lien of

the first mortgage, and he therefore suggests a decree of postponement in favor of the second mortgage.

On exceptions filed to the report of the master, the court, after argument, overruled the exceptions, and made the decree suggested by him, and therefore defendants appeal.

It having been found as a fact that the money loaned Mrs. Stryker on the mortgage was out of the very fund, part of which the executor, under the will, was to pay her at the death of her mother, then in effect, as to a large part of the loan, she had borrowed her own money, and by mortgage secured the annual interest on the whole to her mother; therefore, the moment her mother died, by operation of law, the mortgage was paid in an amount equal to the amount of her legacy. And the second mortgage to that amount became a first lien on the premises; there was no need of a decree of postponement in favor of the second mortgage, for, to the amount it was paid, there was no lien; to the amount it was not paid, there was no equity in the holder of the second mortgage which could impair the executor's right; to the amount it was paid, he no longer had a right. Nor could the assignment to Strieby after the death of the widow, give life to so much of the mortgage as was extinguished; the lien of the second mortgage, as to that much, had attached as a first lien at the death of the widow; the right of a third party had vested, which it was not in the power of the executor to divest by an assignment. If the assignment had been made in the lifetime of the widow, no one could have been heard to object to it but Mrs. Stryker; but as to the part paid at the death of her mother, it had no existence as a debt against her, and therefore was incapable of assignment.

Extinguishment is the extinction of a charge or equity by its passing into the hands of the owner of the lands charged: 3 Leading Cases, Law of Real Property, 328. It takes place when the same hand that is to receive is to pay,—that amounts to extinguishment: 1 Salk. R. 305. And the principle is fully stated and applied by GIBSON, C. J., in Reigle v. Seiger, 2 P. & W. 340.

But how can the court of common pleas, sitting in equity for Union county, by any decree, measure the value in dollars and cents of Mrs. Stryker's legacy in Lycoming county?

The executor and trustee must account in the orphans' court

of Lycoming county for the fund; that court must determine the exact balance, and award to Mrs. Stryker one seventh; by law, another court of another county has full jurisdiction, and this cannot be ousted by a court of equity in Union county: Loomis v. Loomis, 27 Pa. 233. It would lead to interminable confusion were such a practice approved. In so far as the decree of the court determines what are the rights and equities of the second mortgagees at the death of the widow, it is unobjectionable. But it cannot decree that the lien of the first mortgage be postponed in favor of the second mortgage, for, in so far as the first mortgage is paid by operation of law, there is no lien; in so far as it is not paid, no court can postpone, or in any manner disturb, the clear legal right of plaintiff and his assignee, Strieby. It is argued that the holders of the second mortgage have an equity in asking a decree that will enable them to bid intelligently; but they are not entitled to such decree, if the right of the executor and his assignee be impaired thereby; their right to a first lien, for whatever is due and payable from Mrs. Stryker in excess of her legacy, is superior to any supposed equity of this character.

The holders of the second mortgage loaned their money with the record before them. It must be assumed, they anticipated this very element of uncertainty, and took the risk of it. The only relief they can have, is through the orphans' court of Lycoming county. That court has full equity powers in the premises. Although this case is complicated, somewhat, by the record of the second mortgage and the assignment of the first, yet the equities of both parties being now determined by this decree, the case stands as clear of embarrassment as if the first mortgage was only for the difference between her legacy, and the amount due on the mortgage. And in so declaring, the equity jurisdiction of the common pleas of Union county is exhausted.

Whatever risk is incident to bidding on the property, before the exact amount payable to the executor or his assignee is determined, must be assumed by these plaintiffs.

The decree of the court below is affirmed, but so far modified as to vacate the general order postponing the lien of the first mortgage in favor of the second. The lien of the first must continue for whatever amount is still unpaid.