9762

CHRISTENSEN *ET AL.* v. GRIFFIN.

(93 S. E. 143.)

1. MORTGAGES—FORECLOSURE—JUDGMENT.—A mortgage foreclosure judgment is not void because omitting the amount for which judgment was given.

2. MORTGAGES — FORECLOSURE — JUDGMENT — DEFICIENCY JUDGMENT. —A mortgage foreclosure deficiency judgment may be made by a Judge other than the one who ordered the foreclosure sale, etc.

3. HOMESTEAD—EXEMPTIONS—IMPROVEMENTS.—Under the direct provisions of Const., art. III, sec. 28, a homestead is not exempt from execution for the purchase price of improvements made thereon.

4. MORTGAGES—FORECLOSURE—WRIT OF ASSISTANCE.—In a mortgage foreclosure after sale of homestead under the judgment for deficiency due for improvements made thereon, a writ of assistance may issue to put the purchaser in possession.

Before PEURIFOY, J., Beaufort, July, 1916. Affirmed.

Mortgage foreclosure proceedings by N. Christensen and F. H. Christensen, trading as N. Christensen & Sons, against Oliver Griffin. Judgment for plaintiffs, and defendant appeals.

*Messrs. Talbird & Jenkins,* for appellant, cite: *As to form of judgment:* 1 Black Jdmts. 8. *Caveat emptor:* 2 Bail. 413; 89 U. S. 634.

*Mr. W. J. Thomas,* for respondent, cites: *As to lien on homestead:* Const., art. III, sec. 28; Civil Code, sec. 3718; 52 S. C. 222; 33 S. C. 230. *Writ of assistance:* 2 R. C. L. 739; 31 S. C. 181; 64 S. C. 420; Code Civ. Proc., sec. 343.

July 14, 1917.

The opinion of the Court was delivered by MR. JUSTICE FRASER.

This action was commenced to foreclose a mortgage. The mortgage was given to secure a debt contracted in erecting improvements upon a homestead and the execution for deficiency, after a sale of the mortgaged premises, had indorsed on it the certificate that the debt was for improvements on the homestead.

The judgment of foreclosure was taken by default. This judgment did not contain any specific sum for which judgment was given. The judgment directs the clerk to sell the land and—

"Pay to the plaintiffs, N. Christensen & Sons, or their attorney, the sum of —— dollars —— adjudged to —— for costs and charges in this action with interest from date hereof and also to the plaintiff —— or —— attorney, the amount so reported due as aforesaid, together with the

legal interest thereon, * * * and "if the proceeds of such sale be insufficient to pay the amount so reported due to the plaintiff, with the interest and costs as aforesaid, the said —— specify the amount of such deficiency in his report of sale, and that the defendant, Oliver Griffin, pay the same to the plaintiff."

The amount reported was $423.17.

1. The first exception claims that this judgment is null and void for failure to state the amount for which judgment is given. This exception is overruled under the case of *Adickes* v. *Allison,* 21 S. C. 259:

"But it is suggested that, although the whole case was decided, the decision was not sufficiently definite, inasmuch as it failed to name the precise amount in dollars and cents. The objection really goes to the form rather than (to) the substance. The decision did give judgment for a particular amount, to wit, the balance due on a record of the Court, which in the summons was set out particularly. Nothing was lacking but a calculation of the interest, which was not necessary; but if so, being a mere clerical matter, it was referred to the officer of the Court, whose duty it was to enter the formal judgment of the Court. It is a proper case for the application of the maxim, *'Id certum est quod certum reddi potest.'* "

2. Upon the coming in of the report of sale, Special Judge Howell made this order:

"That plaintiff be and hereby is authorized to enter up judgment against the defendant for deficiency or balance due as shown by the report of the referee."

The objection being that "Judge Howell was without jurisdiction to make such an order, as in doing so he added to and changed the order made by his Honor, Judge Mendel L. Smith," to wit, the order above referred to. Judge Smith is not responsible for the blanks in the order of foreclosure. It was a regular order of foreclosure, and the Judge has to rely on attorneys to fill in the blanks.

We have been cited to no authority, and we know of none, that holds that a subsequent Judge is without jurisdiction to give judgment for a deficiency, and this exception is overruled.

3. The third exception is:

"Because his Honor erred in overruling the objections made by defendant, that under said order the sheriff levied on and sold the homestead of this defendant, notwithstanding his protest made at the time of the sale by defendant."

The Constitution (article III, sec. 28) reads:

"Provided, further, that no property shall be exempt from attachment, levy or sale for taxes, or for payment of obligations contracted for the purchase of said homestead or personal property exemption, or the erection or making of improvements or repairs thereon."

The execution was for improvements, and so certified on the execution. This exception is overruled.

4. Judge Peurifoy issued a writ of assistance to put the purchaser in possession, and the defendant claims that there is no authority to issue a writ of assistance to put a purchaser at sheriff's sale in possession, but the purchaser should bring his action to recover possession, whatever may be the ordinary rules as to sale under execution, this action was commenced for the foreclosure of the lien of a mortgage, and it set up the facts from which a lien could be obtained on the homestead. The entire proceeding was for the foreclosure of liens, and the action did not lose its equitable character until the lien on the homestead was exhausted.

This exception is overruled, and the judgment is affirmed.