## Mauser v. Lerch et al., Executors.

*Equity—Jurisdiction—Decedents' estates—Orphans' Court—Widow's election—Certification of cases.*

1. Where three persons owning stock of a corporation agree that if one dies the other two shall purchase the stock of the deceased at a sum stated and one of them dies, the widow of such decedent, who has elected to take her half interest in her husband's estate as against the will, cannot maintain a bill in equity against the executors to compel them to tender decedent's stock to the surviving parties to the agreement and to require them to enforce its terms.

2. The Orphans' Court, under the Act of June 7, 1917, P. L. 363, has power to control the actions of executors in the settlement of decedents' estates, and its jurisdiction to exercise such power of control is exclusive.

3. The widow has no absolute right to any shares until her husband's debts and the expenses of administration are settled and the shares have been adjudicated to her by the Orphans' Court.

4. The Common Pleas, sitting as a court of equity, has no authority to certify a case to the Orphans' Court under the Act of June 7, 1907, P. L. 440.

5. *Not decided* whether a bill in equity can be dismissed for want of jurisdiction unless a demurrer or answer has been filed raising the question of jurisdiction.

Bill in equity for injunction. C. P. Lehigh Co., April T., 1925, No. 1.

*Dallas Dillinger,* for plaintiff; *Fred B. Gernerd,* for defendant.

RENO, P. J., March 16, 1925.—Plaintiff's bill recites that she is the widow of J. Mark Mauser, who died Aug. 3, 1924, testate, and of whose will defendants are the executors; that she has duly elected to take against the will; that the inventory filed by the executors discloses that testator owned 2420 shares of stock of the Mauser Mill Company; that prior to his death, decedent, Harry J. Lerch and George B. Mauser entered into a written agreement, whereby each agreed "that upon the death of either, the survivors shall, and will, within fifteen days thereafter, purchase the shares of stock of the Mauser Mill Company owned by the other at the time of his decease . . . at the price of $100 per share;" that defendants have failed to have the rights of decedent's estate in that agreement determined by a court of competent jurisdiction; that plaintiff is willing that any shares of stock to which she may be entitled by reason of her election shall also be sold to the survivors according to the terms of the agreement, and that, without attempting to enforce the provisions of the agreement, defendants have advertised the shares of stock for public sale.

The bill prays for (*a*) an injunction restraining the sale and for (*b*) a decree commanding defendants to tender the decedent's stock to Harry Lerch

and George B. Mauser in accordance with the agreement, to enforce the terms of the agreement and to afford plaintiff such redress as she may be entitled to under the agreement.

A preliminary injunction was issued, prohibiting the sale of the stock. Within the period provided by the equity rules, a hearing was held and plaintiff presented her proof, which sustained the allegations of the bill. Upon the conclusion of the testimony, defendants moved that the injunction be dissolved upon the ground that the court had no jurisdiction of the controversy. This motion was held under advisement, the injunction being allowed to stand until a decision was made.

It will be observed that there is no allegation of fraud, accident or mistake, nor of any other grounds which are peculiarly cognizable in equity. The object of the bill, then, is to require defendants, in their capacity as executors, to do a certain act, namely, to tender to the survivors of the agreement testator's shares of stock, to offer to sell the same to them and to do other acts necessary to enforce the provisions of the agreement. Obviously, chancery is invoked to control the administration of an estate which is in process of settlement in the Orphans' Court. In these circumstances, we are obliged to hold that plaintiff has, for reasons which we shall presently present, a full and adequate remedy in that court, and that we may not take cognizance of her cause.

The Orphans' Court Act of June 7, 1917, § 9, P. L. 363, provides that "the jurisdiction of the several Orphans' Courts . . . shall extend to and embrace:

"(d) The control, removal and discharge of executors and administrators deriving their authority from the register of the respective counties. . . .

"(1) All cases within their respective counties wherein executors, administrators . . . may be possessed of, or are in any way accountable for, any real or personal estate of a decedent."

The word "control" in clause (d), section 9, is new; it was not in statutes relating to or defining the jurisdiction of the Orphans' Court in force prior to 1917, and if prior to 1917 there was any doubt as to the power of that court, that doubt is now completely removed. And since it is a word conferring jurisdiction, it must be given its widest meaning, embracing not only the power to restrain, but also the power to direct acts. Thus construed, there is thereby conferred upon the Orphans' Court power not only to require the defendants to tender the stock to the survivors of the agreement, but also to restrain them from otherwise selling it. If there could be any doubt about the last statement, the doubt is completely removed by section 16 of the same act, which provides that the Orphans' Court shall have "power to prevent by orders, in the nature of writs of injunction, acts contrary to law or equity prejudicial to property over which they shall have jurisdiction." We shall show presently that the agreement is property over which the Orphans' Court has jurisdiction. It appears, therefore, that the jurisdiction of the Orphans' Court is not only certain, but that the Orphans' Court will afford plaintiff a full, complete and adequate remedy.

But plaintiff contends that she has an interest in the subject-matter of this controversy which enables her to bring suit here. She argues that, having elected to take a one-half interest in her husband's estate, she succeeded upon the moment of his death to one-half of his personal estate, and that, as a consequence, she is now standing upon a title to a one-half interest in the agreement, and that, of this agreement, the Orphans' Court has no jurisdiction. If that proposition could be conceded in the broad terms in which it is stated, it would not dispose of the objection that she is, nevertheless, asking us to con-

trol the action of the executors in respect to the other one-half interest in the agreement, of which one-half interest the Orphans' Court has undoubted jurisdiction. Nor are we willing to concede that she now has title to the one-half interest in the agreement. Undoubtedly, she takes a one-half interest in all the personal estate of which her husband died possessed in the same manner as though he had died intestate (Wills Act of June 7, 1917, § 23, P. L. 403), and, undoubtedly, this includes a one-half interest in this agreement which, as a chose in action, partakes of the nature of personal property (*Cf.* Coulter v. Rowe, 265 Pa. 386; Linsenbigler v. Gourley, 56 Pa. 166), and this interest descends to her as of the very moment of her husband's death: Cunningham's Estate, 137 Pa. 621; Huddy's Estate, 236 Pa. 276; Peebles's Estate, 157 Pa. 605. But this she takes subject to the payment of decedent's debts and expenses of administration, and until they have been ascertained and until specific property has been adjudicated to her by the Orphans' Court, she cannot, with certainty, assert here or elsewhere that she has an undefeasible title to a one-half interest in the chose in action. Conceivably, this very chose in action may be required to be marshaled as an asset for the payment of debts or expenses, and in that event she will acquire no interest in it, or, to state it more accurately, her present interest will be defeated. Until there is a final adjudication of her husband's estate in that court which has exclusive jurisdiction to distribute the estate amongst creditors and heirs, the entire personal estate is in the hands of the executors for the purpose of administering their trust and she cannot affirm that she has title to any specific item of his property. That this is a wise precaution is manifest from the allegations in the bill, whereby it appears (paragraph 26) that there are unliquidated debts of the decedent unpaid and also Federal and State taxes and costs of administration to be met.

If further authority is needed for the proposition that the Orphans' Court has jurisdiction, it will be discovered in a long line of cases, whereby many controversies, differing in facts, but involving the same principle, have been held to be beyond the purview of chancery: Henderson v. Stryker, 164 Pa. 170; Loomis v. Loomis, 27 Pa. 233; Mussleman's Appeal, 65 Pa. 480; Cascaden v. Cascaden, 140 Pa. 140; Yocum v. Commercial Nat. Bank, 195 Pa. 411; Hammett's Appeal, 83 Pa. 392; Wapples's Appeal, 74 Pa. 100; Erie Dime Savings and Loan Co. v. Vincent, 105 Pa. 315; Brotzman's Appeal, 119 Pa. 645; Tyson's Appeal, 191 Pa. 218; Miskimins's Appeal, 114 Pa. 530; Lafferty v. Corcoran, 180 Pa. 309.

Having arrived at the conclusion that equity has no jurisdiction, the injunction must be dissolved. Although it would seem logically to follow that the bill also be dismissed, a line of cases instructs us that we cannot dismiss the bill, even for want of jurisdiction, and even if the preliminary injunction is dissolved, unless a demurrer or answer (both are now called answers by the new equity rules—See Rule No. 48) explicitly raising the question of jurisdiction shall have been filed: Wright v. Barber, 270 Pa. 186; Davis v. Porch, 268 Pa. 376; Lyndall v. High School Committee, 19 Pa. Superior Ct. 232; Swainbank v. Yoder, 79 Pa. Superior Ct. 132. It is doubtful whether the bill can be dismissed upon motion of defendant without filing demurrer or answer; but since the only motion made at conclusion of plaintiff's case was a motion to dissolve the injunction, we need not pass upon the question as to whether a motion to dismiss can be considered in the absence of demurrer or answer.

Nor can we certify this case to the Orphans' Court. The Act of June 7, 1907, P. L. 440, and the equity rule (Revised 1924, Nos. 13 and 49), which provide for the certification to the law-side of the court for those cases of

*Mauser v. Lerch et al., Executors.*

which equity has no jurisdiction, refer, of course, to the law-side of the Common Pleas Court. There is no authority by which a certificate from the equity court to the Orphans' Court could be sustained.

Now, March 16, 1925, the preliminary injunction is dissolved.

From Edwin L. Kohler, Allentown, Pa.