**FISHER et ux. v. FIRST NAT. BANK OF THROCKMORTON et al.**

**No. 2353.**

Court of Civil Appeals of Texas. Eastland.

April 2, 1943.

Ratliff & Ratliff, of Haskell, for appellants.

E. G. Thornton, of Olney, for appellees.

FUNDERBURK, Justice.

Mrs. H. T. Fisher, a widow, conveyed to George Fisher, her son, a certain 206½ acre tract of land in Throckmorton County. The deed recited notes given for the purchase price and expressly acknowledged the vendor's lien securing same. At the death of Mrs. H. T. Fisher, intestate, in 1933, the last two of said notes still owned by her were unpaid. George Fisher was sole heir of his mother and was appointed and qualified as administrator of her estate. On October 26, 1934, as such administrator he assigned and transferred one of said notes to the First National Bank of Throckmorton, Texas, and on January 19, 1935, he assigned and transferred the other note to J. E. Merrill. Both notes were thereafter renewed by George Fisher by written and acknowledged agreements, thereby extending the first note (which was for the sum of $500) to March 22, 1939, and the second note (in the same principal sum) to March 22, 1940. After the death of George Fisher's mother, and before the transfer of the notes, he and his wife moved upon and occupied the land in such way as to constitute it a homestead, provided said vendor's lien had been discharged. After default in payment of said notes, this suit was brought by said First National Bank and J. E. Merrill against George Fisher and wife to recover of the former the sums due on said notes and as against both to have decreed foreclosure of the vendor's lien on said land.

George Fisher and wife defended on the ground that the estate in said land and estate in said notes had at the death of George Fisher's mother become merged in George Fisher, thereby effecting a discharge of the notes and lien; that after such discharge of the vendor's lien and before the transfer, as aforesaid, of said notes to the plaintiffs, the land was occu-

224

pied and became impressed and subjected to homestead rights of the defendants, superior to the lien asserted by the plaintiffs.

In a nonjury trial the court gave judgment awarding plaintiffs recovery on each of their several notes and providing fore-closure of the vendor's lien as prayed.

The defendants have appealed.

The question for decision, we think, is dependent upon the further question of whether or not upon the death, intestate, of the owner and holder of notes secured by vendor's lien on land, leaving as sole heir the maker of said notes, and the owner of said land, subject to the vendor's lien, the indebtedness evidenced by said notes as a matter of law is extinguished and the lien discharged, even though the maker qualifies as administrator of the estate and in such capacity assigns and delivers the notes to third parties? In other words, under such circumstances, does an occupation of land, by the maker of the notes and his wife, as a home, prior to the assignment and transfer of the notes, impress the land with a homestead exemption superior to the rights of the transferees of the notes to foreclose a lien on said land?

The principle involved, although sometimes called "merger", and so denominated by appellants, is more accurately called "confusion of rights", or "confusion of debts". According to the definitions of these terms, it seems to us they are synonymous. According to Corpus Juris Secundum, "confusion of rights" means "a union of the qualities of debtor and creditor in the same person. The effect of such a union is, generally, to extinguish the debt." 15 C.J.S., Confusion, p. 958. Baylor University v. Bradshaw, Tex.Civ. App., 52 S.W.2d 1094. "Confusion of debts", according to the authority first cited, means "The concurrence of two adverse rights to the same thing in one and the same person; the concurrence of the characters of creditor and debtor of the same debt in the same person, whereby the two characters are mutually destroyed." 15 C.J.S., Confusion, p. 958. The result of "confusion of rights" or "confusion of debts" is an extinguishment of the rights or debts. As said in a note in C.J.S.: "It [extinguishment] takes place when the same hand that is to receive is to pay".

35 C.J.S., Extinguishment, page 294, note 31. Henderson v. Stryker, 164 Pa. 170, 30 A. 386, 387.

In our opinion, had there been no administration, nor necessity for administration, the obligations of the notes would have been extinguished with the effect of discharging the vendor's lien.

But George Fisher, even though sole heir of his mother, was not vested with absolute title to the notes, but such title was burdened with the necessity of meeting the demands of administration. If the notes, as assets of his mother's estate, were needed for purposes of administration of the estate, George Fisher remained under duty to pay said notes. The fact that he qualified as administrator shows the probability of debts owing by the estate. Certainly we think that his transfer of the notes in his capacity as administrator warrants, if it does not compel, a presumption of the existence of debts. We can think of no reason which would have warranted an administrator in assigning and transferring to others notes constituting assets of the estate, unless it was deemed necessary in order to pay debts of the estate of expenses of administration. The conclusion is inescapable that, since the notes were his own obligations, the administrator would not have assigned and transferred them except to get money to pay debts of the estate or meet the expenses of administration. The situation is properly to be viewed, we think, just the same as if some other person had been administrator. In such case, in the absence of fraud at least, the administrator undoubtedly would have had the right to collect the notes if due in order to raise funds to discharge debts of the estate. With such right and power existing, there could be no extinguishment of the debt, and consequent discharge of the lien until after the purposes of administration were accomplished, and then only as affecting the balance, if any, not necessary to purposes of administration.

In our opinion, under this record, supported by the existing presumptions, it cannot be said, as a matter of law, that said notes were extinguished so as to render the claim of homestead exemption superior to the plaintiff's asserted lien.

Therefore, the judgment of the trial court should be affirmed. It is accordingly so ordered.