## 18161

BROOKLINE SAVINGS AND TRUST COMPANY, Respondent, v.
Henry C. BARNETT and Rush A. Barnett, Appellants

(134 S. E. (2d) 569)

*John Turner, Esq.,* of York, *for Appellants,*

*Messrs. Simrill & Simrill,* of Rock Hill, *for Respondent,*

February 3, 1964.

Moss, Justice.

It appears from the record in this case that on June 1, 1953, Henry C. Barnett and Rusha Barnett, the appellants herein, entered into a contract with the American Veneering Company, hereinafter referred to as the contractor, by the terms of which the contractor agreed to furnish all labor and materials necessary in making repairs and improvements upon the residence of the appellants. The appellants agreed to pay to the contractor for such improvements the sum of One Thousand & 00/100 ($1,000.00) Dollars in thirty-six monthly installments, these installments to include interest and carrying charges. In compliance with this agreement appellants did, on June 16, 1953, execute and deliver their promissory note to the contractor in the amount of One Thousand Two Hundred Forty & 00/100 ($1,240.00) Dollars, payable in accordance with the agreement. This note was assigned to Brookline Savings and Trust Company, the respondent herein. The appellants failed to pay the monthly installments as agreed and, on March 2, 1954, executed a revision note to the contractor, which said note was also assigned to the respondent, such note reciting that it was a revision of the terms of payment of the amount due under the original

note. The appellants, having defaulted in payment of the installments provided for in the revision note, did, on April 23, 1955, execute and deliver to the respondent another revision note, such note reciting it was a revision of the terms of payment of the amount due under the above described notes. The appellants defaulted in the payment of the last described note.

The original and both of the revision notes provided in the case of default for the payment of interest and attorneys' fees. Each of said notes also contained a provision authorizing the entry of judgment, by confession, in any Court of record within the State of Pennsylvania, this being the legal residence of the respondent, or any State of the United States. It appears that on June 15, 1956, in Allegheny County, Pennsylvania, that a judgment, pursuant to the aforesaid authorization, was entered against the appellants on the original note. Thereafter, on October 24, 1956, an action was commenced in the Court of Common Pleas for York County to have the Pennsylvania judgment declared a judgment in this State and that such be declared a lien upon the real property of the appellants. The appellants duly served an answer setting up three defenses to this action, the record not disclosing the nature of such defenses. Thereafter, on August 14, 1957, the respondent served an amended complaint and asked for judgment against the appellants on the note dated April 23, 1955. This action resulted in a judgment in favor of the respondent against the appellants for the sum of One Thousand Two Hundred Sixty-two & 46/100 ($1,262.46) Dollars, such order for judgment, dated September 26, 1957, was consented to by the attorneys for the respondent and the appellants. An execution for the enforcement of this judgment was issued and on September 16, 1958, the Honorable George T. Gregory, Jr., Resident Judge of the Sixth Judicial Circuit, pursuant to Section 34-62 of the Code, endorsed upon said execution, the following: "This is to certify that the judgment in this case was ob-

tained on obligations contracted for the erection of improvements on Homestead of defendants and for no other."

Thereafter, the appellants made a motion before the Circuit Court to dismiss or vacate the aforesaid certificate placed upon the execution against their homestead, on the ground that the judgment in this case was not obtained on obligations contracted for the erection or making of improvements or repairs upon their homestead, asserting that the judgment was based upon a promissory note held by the respondent who never furnished any material or labor for improvements or repairs to their home. This motion was refused by the Circuit Judge, holding that under Section 34-62 of the Code, such certificate was proper. This is an appeal from such order.

It is the position of the appellants that they gave a negotiable note to the contractor for the improvements upon their real estate now claimed as a homestead, and since such negotiable note was assigned and renewals thereof taken, a judgment based upon the renewal note cannot be enforced against the homestead. It is charged that the Circuit Judge was in error in not so holding.

Art. III, Sec. 28, of the Constitution of 1895, and Section 34-1 of the Code, enacted pursuant thereto, grants to the head of any family a homestead exemption in lands to the value of One Thousand Dollars, but the aforesaid section of the Constitution and Section 34-62 of the Code provides that no property shall be exempt from attachment, levy or sale for the payment of obligations contracted for the purchase of said homestead or for the erection or making of improvements or repairs thereon. When a judgment is obtained upon an obligation contracted for the purchase of the homestead or for the erection or making improvements or repairs thereon, such homestead is not exempt from levy or sale under an execution issued upon such judgment, where the Court or authority issuing such process shall certify thereon that it is

issued for some one or more of such purposes and no other. Section 34-62 of the Code.

We have held that the homestead exemption is inferior to obligations contracted for the purchase of the homestead; *Calhoun v. Calhoun,* 2 S. C. 283; or obligations for the erection or making of improvements or repairs thereon; *Allen v. Harley,* 3 S. C. 412; *All v. Goodson,* 33 S. C. 229, 11 S. E. 703; *Christensen v. Griffin,* 107 S. C. 456, 93 S. E. 143, and *Betts & Co. v. Richardson,* 112 S. C. 279, 99 S. E. 815.

Obligations for purchase money may be assigned or otherwise transferred to the same extent as liens or obligations for ordinary indebtedness, and the assignee may satisfy his debt out of the land, although it is claimed as a homestead. 40 C. J. S., Homesteads, § 104, page 545. In support of the foregoing rule there is cited *Baker v. Salzenstein,* 314 Ill. 226, 145 N. E. 355; *Box v. Early,* 181 Miss. 19, 178 So. 793; *Fisher v. First National Bank of Throckmorton,* Tex. Civ. App., 171 S. W. (2d) 223. This same rule applies to obligations given for erection or making of improvements or repairs upon a homestead.

In *All v. Goodson,* 33 S. C. 229, 11 S. E. 703, it appears that the defendant purchased from Pool & Hunt, through their agent, one W. R. Wright, a waterwheel, for the sum of $300.00; and of this amount the agent was entitled to the sum of $71.00 as commissions. The amount going to Pool & Hunt was paid by the defendant and a note in the sum of $71.00 was given to Wright for his commissions. This note was transferred by Wright to the plaintiffs who recovered judgment thereon, and the proceeding below was for an order directing an endorsement on the judgment that it was for improvements on the homestead of the defendant so as to prevent claim of homestead as against the judgment debt. This Court held that the note for the commissions represented part of the purchase money of the waterwheel, and

it being a fixture on the defendant's homestead and an improvement thereon, the defendant could not claim homestead exemption as against said. debt. In such case this Court clearly recognized that the obligation to Wright being a part of the purchase money of the waterwheel, could be assigned and transferred, and such assignee could satisfy his debt out of the land of the defendant.

It has also been held that land which has become subject to the payment of purchase money continues chargeable therewith, although the original indebtedness is repeatedly changed in form, providing it can be traced, 40 C. J. S., Homesteads, § 103, at page 545, from which we quote the following:

"If the original debt is evidenced by a note secured by indorsements, or by mortgage, or has been renewed by other notes, although for a different amount, or with a different rate of interest, or if the original or renewal note has been reduced to judgment, the homestead remains liable for the payment of the purchase money so evidenced."

The judgment held by the respondent represents the original debt incurred by the appellants for the making of improvements or repairs to their residence. The fact that the note given by the appellants was transferred and assigned to the respondent and was, thereafter, evidenced by a revision note, which was reduced to judgment, does not prevent the respondent from satisfying such judgment out of the homestead of the appellants. We think that the Trial Judge properly certified that the judgment in this case was obtained on an obligation contracted for the erection of improvements on the homestead of the appellants.

The exception of the appellants is overruled and the judgment of the lower Court is affirmed.

Affirmed.

TAYLOR, C. J., and LEWIS, BUSSEY and BRAILSFORD, JJ., concur.